IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Kelly Dean Wood | ) | Case No. 22-20054-drd-13 |
| Drayse Elizabeth Wood | ) | |
| | ) | |
| Debtors | ) | |

ORDER ON MOTION TO TRANSFER CASE OUT OF DISTRICT

Before the Court is the Chapter 13 Trustee's motion to transfer this case to the Eastern District of Missouri pursuant to 28 U.S.C. §1406. The Trustee has asserted that the Debtors' domicile, residence, principal place of business or principal assets were not located in this district in the 180 days prior to the filing, and therefore, the proper venue for this case is the Eastern District.

The Debtors do not dispute that the Eastern District is the proper venue but object to a transfer on the grounds that it would be a significant burden on all parties because they are situated closer to the court in the Western District of Missouri. They also note that the Trustee participated in the Debtors' prior Chapter 12 case in this Court without objection. First Missouri Bank, the Debtors' largest creditor, also objects to the transfer.

1

The Court held a hearing on the Trustee's motion on April 21, 2022. At that time, the Court advised that it had previously ruled that it did not have the power to retain a case filed in an improper venue; it could only dismiss the case or transfer it. Nevertheless, the Court agreed to reconsider and invited the parties to submit supplemental authorities supporting the Court's retention of the case. After reviewing those filings and the relevant case law and statutes, the Court affirms its previous position that it lacks the authority to retain this case.[1]

A court can consider a motion to transfer a case filed in an improper district upon a timely motion of a party in interest. Fed. R. Bankr. P. 1014(a)(2). The Trustee filed his motion in a timely manner, prior to the §341 meeting of creditors, and has standing to request the transfer. Even so, the Court is puzzled as to why the Trustee insists on changing the venue when First Missouri Bank, the party with the largest economic stake in this case, opposes the transfer, and no other creditor has gone on record to support the Trustee's motion. *See In re Houghton Mifflin Harcourt Pub. Co.*, 474 B.R. 122, 124 (Bankr. S.D.N.Y. 2012)(the trustee's prosecution of a

---

[1] In *In re Land*, 215 B.R. 398 (8th Cir. BAP 1997), the Bankruptcy Appellate Panel for the Eighth Circuit stated "if venue is not proper in a district, upon the filing of a timely motion to change venue, a bankruptcy court is without authority to retain the bankruptcy case." Although not legally required to do so, this Court generally follows opinions of the Bankruptcy Appellate Panel. In this instance, the observation was not critical to the holding as the case turned on whether a timely request for change of venue had been filed. Accordingly, this statement is arguably dicta. Nonetheless, for the reasons articulated in this Order, this Court takes the same position.

2

motion to transfer venue was "perplexing to the Court" since any venue deficiencies were not a matter of concern to the Debtors' creditors; "the venue choice was exactly what the creditors wanted" and the trustee's motion was opposed by every party with money on the line). With that said, the Court must comply with the law.

Several statutory and rule provisions are applicable to the Court's analysis. Section 1412 of Title 28 states that a "district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. §1412. The prevailing view is that this section provides for the transfer of cases in which venue is proper in the first place, so it is not applicable here. *See, e.g., In re Sorrells*, 218 B.R. 580, 587 (10th Cir. BAP 1998).

Section 1406 of Title 28 provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a). Although there is some dispute as to whether this section applies to bankruptcy cases, the majority view is that it does. *Houghton*, 474 B.R. at 133; *Sorrells*, 218 B.R. at 587, *In re McDonald*, 219 B.R. 804, 806 (Bankr. W.D.Tenn. 1998). This provision requires a case filed in the wrong district, as in this instance, to be dismissed or transferred.

3

Bankruptcy Rule 1014(a)(2) is also instructive. It provides that if a petition is filed in an improper district, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties. The Advisory Committee Notes to the 1987 Amendments pertaining to Rule 1014(a)(2) are noteworthy:

> [b]oth paragraphs 1 and 2 of subdivision (a) are amended to conform to the standard for transfer in 28 U.S.C. §1412. Formerly, 28 U.S.C. §1477 authorized a court either to transfer or retain a case which had been commenced in a district where venue was improper. However, 28 U.S.C. §1412, which supersedes 28 U.S.C. §1477, authorizes only the transfer of a case. *The rule is amended to delete the reference to retention of a case commenced in the improper district.* (Emphasis added.)

Both the Debtors and the Bank rely on *In re Lazaro*, 128 B.R. 168 (Bankr. W.D. Tex. 1991), to support their position that the Court has authority to retain this case. The court in *Lazaro* concluded that Bankruptcy Rule 1014 is inconsistent with the venue statutes, and construed §1412 as all but mandating that retention be a legitimate alternative whether venue was proper or not. *Id.* at 173-74. This is the minority view, however.

The majority of courts that have ruled on this issue has held that the bankruptcy court does not have discretion to retain jurisdiction over an improperly venued case upon a timely-filed objection. *See, e.g., Sorrells*, 218 B.R. at 587 (noting that since there is no bankruptcy-specific statute applicable to improperly

4

venued cases, §1406 must apply, requiring a case to only be dismissed or transferred); *McDonald*, 219 B.R. at 806; *In re Dees*, 2019 WL 9406122 (Bankr. N.D. Fla. Oct. 4, 2019); *In re Skelton*, 2018 WL 1054099 (Bankr. N.D. Ga. Feb. 23, 2018); In *re Penn-Mont Benefit Services, Inc.*, 2013 WL 6405046 (Bankr. M.D. Fla. Dec. 6, 2013); *Thompson v. Greenwood*, 507 F.3d 416, 424 (6th Cir. 2007); *Houghton*, 474 B.R. at 133; *In re Pick*, 95 B.R. 712 (Bankr. D.S.D. 1989)(changing its previous position in *In re Boeckman*, 54 B.R. 110 (Bankr. D.S.D. 1985) that the court had authority to retain a case filed in an improper venue).  The overriding rationale is that this interpretation is consistent with Bankruptcy Rule 1014(a)(2) and its accompanying Advisory Committee Note.  *See, e.g., Skelton*, 2018 WL 1054099, at *3 (citations omitted); *Pick*, 95 B.R. at 715; *Thompson*, 507 F.3d at 421 (concluding that "there is no conflict between the rule and any applicable statute – whether a bankruptcy court has authority to retain an improperly venued case over the timely objection of any interested party.  Both Rule 1014(a)(2) and §1406 answer that question in the negative.").

This Court adopts the majority view that it lacks the authority to retain an improperly-venued case.  It finds that the cases cited above take the most reasoned approach to analyzing Bankruptcy Rule 1014(a)(2) and its commentary, and the relevant venue statutes.  In addition, this conclusion is reflected in the more recent cases.

The Debtors have cited several equitable considerations, including that they live closer to the court for the Western District, as do their creditors, that the Trustee participated in the Debtors' prior Chapter 12 case in the Western District, and that this Court is familiar with the Debtors from that case. These factors are not relevant given the Court's lack of discretion.

Accordingly, the Trustee's motion is granted, and this case is hereby transferred to the Eastern District of Missouri.

Date: May 25, 2022    /s/ Dennis R. Dow
　　　　　　　　　　　HONORABLE DENNIS R. DOW
　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE